**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathy Sandlin,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue,<br>Commissioner of Social Security,<br><br>    Defendant. | No. CIV-07-02203-PHX-SMM<br><br>**MEMORANDUM OF DECISION AND ORDER** |

Pending before the Court are Kathy Sandlin's ("Plaintiff") Motion for Summary Judgment (Doc #11) and Defendant Michael Astrue, Commissioner of the Social Security Administration's ("Defendant") Cross Motion for Summary Judgment (Doc #15). After consideration of the arguments advanced by the parties, the Court finds the following.

## BACKGROUND

**A.  Procedural History**

Plaintiff applied for disability insurance benefits and supplemental security income on May 25, 2001, claiming a disability onset date of April 23, 2001. (Tr. 52.) Plaintiff amended her claim to a closed period of benefits from the onset date through July 12, 2005. (Tr. 377.) The application was denied initially and on reconsideration. (Tr. 29-32.) A hearing before an Administrative Law Judge ("ALJ") was held on November 2, 2005. (Tr. 450-66.) The ALJ issued a written decision on December 28, 2005 finding that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 15-22.) This decision became Defendant's final decision when the Appeals Council denied review on February 9, 2005. (Tr. 6-8.) Plaintiff then

commenced action with the Court on April 20, 2006. The Court remanded the matter on December 13, 2006 to afford the ALJ an opportunity to address Plaintiff's claims as outlined in the Court's first decision. (Tr. 497-506.)  A supplemental hearing was held before the ALJ on August 8, 2007.  (Tr. 525-40.)

In a decision dated September 13, 2007, the ALJ again found that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 477-86.)  The decision of the ALJ became the final decision of the Commissioner on the sixty first day after issuance. (Tr. 475.)  Plaintiff commenced this second appeal for judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

**B.     The ALJ's First Decision, and Remand**

The ALJ's original decision found that Plaintiff has a severe affective mental disorder and non-severe physical impairments related to her heart problems and back and knee pain. (Tr. 17, 21.) The ALJ concluded that Plaintiff's affective disorder was not severe enough to meet or medically equal a listed impairment. (Tr. 17, 21.)  The ALJ further concluded that Plaintiff was able to perform a range of light work and that such work existed in significant numbers in the national economy.  (Tr. 20, 21.)

Plaintiff's Motion for Summary Judgment in the first appeal was granted in part. According to the Ninth Circuit, evidence should be credited and an action remanded for an immediate award of benefits when the following three factors are satisfied: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000).  In the first appeal, the Court found that the first factor was satisfied to allow an award of benefits, but that the record did not provide sufficient evidence as to whether the second or third factors were satisfied. The ALJ was ordered to clarify the reasons for rejecting Dr. Enoch Barrios' opinion in addition to the other physicians in the record.  (Tr. 483.)  Specifically, the Court

outlined four issues with the ALJ's decision. First, the ALJ erroneously concluded that none of Plaintiff's physicians opined that she was unable to work. Second, the ALJ's reasons for rejecting Dr. Barrios' opinions were neither clear and convincing nor supported by substantial evidence. Third, without explanation, the ALJ concluded that Plaintiff's ability to attend college was "indicative of the possibility that she could have engaged in some sort of work activity on a regular basis." Fourth, Defendant's statement that the ALJ relied on subjective complaints from Plaintiff was not included in the ALJ's decision. (Tr. 498-503.)

The Court remanded the case to the ALJ to afford an opportunity to address Plaintiff's claims and provide additional reasons to support the rejection of Dr. Barrios' conclusions. The ALJ again ruled against Plaintiff, providing the additional reasoning discussed later in this opinion. Plaintiff now brings this action in response to the ALJ's decision alleging that Defendant failed to give adequate weight to Dr. Barrios as an examining physician, and that the ALJ inaccurately applied school attendance in the decision to reject Dr. Barrios' treatment notes.

## STANDARD OF REVIEW

When deciding a Social Security appeal, the decision of the Commissioner must be affirmed if it is supported by substantial evidence and the Commissioner applied the correct legal standards. *See Batson v. Commissioner of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004); *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003). When reviewing factual determinations by the Commissioner, acting through the Administrative Law Judge, this Court affirms if substantial evidence supports the determinations. *See Celaya v. Halter*, 332 F.3d 1177, 1180 (9th Cir. 2003); *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). Substantial evidence is more than a mere scintilla, but less than a preponderance. *See Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2003); *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001). Substantial evidence is relevant evidence which a reasonable person might accept as adequate to support a conclusion when the entire record is considered. *Howard*, 341 F.3d at 1011; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th

Cir. 1999). If the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the Court may not substitute its judgment for that of the Commissioner. *See Batson*, 359 F.3d at 1193; *McCartey v. Massanari*, 298 F.3d 1072, 1075 (9th Cir. 2002). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *See Benton*, 331 F.3d at 1040; *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The ALJ's determinations of law are reviewed de novo, although deference is owed to a reasonable construction of the applicable statutes. *See Edlund*, 253 F.3d at 1156; *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## DISCUSSION

Upon remand, the ALJ was afforded an opportunity to address Plaintiff's claims and provide additional reasons to support the rejection of Dr. Barrios' conclusions. The Court stated in the first appeal that "it is unclear from the record whether Plaintiff was disabled through July 12, 2005." (Tr. 504.) The issue now before this Court is whether the ALJ introduced additional "specific and legitimate" reasons supported by substantial evidence in the record to properly reject the conclusions stated by Dr. Barrios in his July 3, 2002 report. (Tr. 329). "The ALJ may not reject the opinion of a treating physician, even if it is contradicted by the opinions of other doctors, without providing 'specific and legitimate reasons' supported by substantial evidence in the record." *Reddick v. Chater,* 157 F.3d 715, 720 (9th Cir. 1998).

The ALJ's second decision sets forth specific and legitimate reasons supported by substantial evidence in the record for rejecting Dr. Barrios' statements. When evidence reasonably supports confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Therefore, this Court affirms the judgement of the ALJ and the denial of Plaintiff's benefits.

### A. Dr. Barrios' Conclusion that Plaintiff was Unable to Work is Inconsistent with Other Treatment Notes

On July 3, 2002, Dr. Barrios opined in his treatment notes that Plaintiff was unable to work because she could not handle the pressure. (Tr. 329.) On the same day, Dr. Barrios opined in a residual functional capacity ("RFC") assessment that Plaintiff was severely impaired with respect to her ability to respond appropriately to supervision and customary work pressures. (Tr. 331-32.) In his first decision, and again in his second decision, the ALJ ruled against Plaintiff. The ALJ found that Dr. Barrios' assessment of the severity of Plaintiff's limitations was inconsistent with his general treatment notes. The ALJ based his decision on several notes within a close time period describing Plaintiff's general improvement, success with medicines prescribed by Dr. Barrios, and evidence of work activity and school attendance by Plaintiff. Thus, the ALJ ruled against Plaintiff despite Dr. Barrios' notes from July 3, 2002 regarding Plaintiff's limitations. The record revealed substantial evidence supporting the ALJ's finding of inconsistent treatment notes. (Tr. 483-84.)

Dr. Barrios' initial evaluation of Plaintiff was on June 29, 2000. (Tr. 358.) Plaintiff described her past depression symptoms, family history, and history of substance abuse. Dr. Barrios examined Plaintiff once more on August 8, 2000. (Tr. 357.) During neither of these occasions did Dr. Barrios opine that Plaintiff was unable to work. Almost two years elapsed before Dr. Barrios conducted his next assessment–at issue here–on July 3, 2002. None of the physicians who examined Plaintiff in the interim opined that Plaintiff was unable to work. Nonetheless, Plaintiff alleges an onset date of April 23, 2001.

Inconsistency is clearly present in the record, and begins at the treatment note of July 3, 2002 completed by Dr. Barrios on the same day he completed Plaintiff's RFC. Dr. Barrios stated that Plaintiff was severely impaired with respect to her ability to respond appropriately to supervision and customary work pressures and unable to handle the pressure. (Tr. 329-32.) In the July 3, 2003 treatment note, however, Dr. Barrios reported that Plaintiff showed mild

improvement. (Tr. 329.) Plaintiff stated that she had been "feeling better with current medications," and had been "doing better in school." (Tr. 329.) Dr. Barrios documented Plaintiff's improvement in the August 14, 2002 treatment note, when Plaintiff reported she was "less anxious and less depressed," and was "more calm and relaxed." (Tr. 328.) The Court finds the most substantial evidence of inconsistency in the treatment note from September 25, 2002, less than three months after Dr. Barrios opined that Plaintiff was unable to work. Dr. Barrios noted on that day that Plaintiff "works for a professor at the university, doing spreadsheets." (Tr. 327.) The same treatment note established that Plaintiff was concurrently attending classes. Plaintiff also "denied symptoms of depression." Dr. Barrios reported that she was "showing a good response to the use of psychotropic medications." (Tr. 327.) Similarly, Dr. Barrios logged in his treatment note on November 11, 2002 that Plaintiff "still goes to school and works as hard as she can." (Tr. 326.) There was no statement by Dr. Barrios after the July 3, 2002 note to Plaintiff that she should not be working and attending school at the same time, or was unable to do so. This documentation supports the ALJ's statement that Plaintiff's "activities have, at least at times, been somewhat greater than [Plaintiff] has generally reported." (Tr. 484.)

Although the record does not prove continuous employment throughout Plaintiff's alleged closed claim of disability, the ALJ made a valid and reasonable determination supported by substantial evidence in the record that Dr. Barrios' treatment notes were inconsistent regarding his statement of Plaintiff's limitations.

**B.    The ALJ's Introduction of Additional Reasons to Support a Rejection of Dr. Barrios' Conclusions**

The Court previously dismissed Defendant's argument that the ALJ could have rejected Dr. Barrios' statements because they were based on Plaintiff's subjective complaints. (Tr. 503.) The ALJ had not included this reasoning in his first decision, nor had he provided clear and convincing evidence to support this assertion. This Court must review the adequacy of the reasons specified by the ALJ, not the *post hoc* contentions of Defendant. *See Connett v.*

6

*Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts. It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss."); *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) ("[W]e cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision. Thus, if the Commissioner's contention invites this Court to affirm the denial of benefits on a ground not invoked by the Commissioner in denying benefits originally, then we must decline.") (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)); *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (en banc) ("As we have previously recognized, a reviewing Court should not be forced to speculate as to the grounds for an adjudicator's [decision].") (citing *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

In his second decision, the ALJ set forth several additional reasons why Dr. Barrios' statements should be discounted because they relied on Plaintiff's subjective complaints. These reasons are supported by substantial evidence in the record. First, the ALJ explained that Dr. Barrios provided a conclusory opinion, "without substantial support from the other evidence of record." Dr. Barrios provided "very little explanation of the evidence relied on in forming that opinion." (Tr. 483.) "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir. 2002). Second, the ALJ explained that Dr. Barrios' opinion was based "solely on [Plaintiff's] subjective complaints and not significant objective medical findings." (Tr. 483.) The ALJ explained further that Dr. Barrios appeared to rely quite heavily on Plaintiff's subjective complaints and symptoms in his determination of Plaintiff's limitations. (Tr. 482.) Third, the ALJ expanded on his statement that Dr. Barrios' opinion does not accurately consider Plaintiff's success in school. Plaintiff started school towards the beginning of her alleged onset date, completed her courses, and earned a business associate's degree in 2005 with a 3.2 grade point average. (Tr. 484.) Although school attendance is not alone sufficient to prove that a Plaintiff is not

disabled, when combined with Plaintiff's other daily activities and work after her onset date, it may be considered because it impacts her limitations as stated by Dr. Barrios. *Macri v. Chater*, 93 F.3d 540, 544 (9th Cir. 1996) (holding that an ALJ may consider enrollment in and completion of job training course). Finally, in response to Dr. Barrios' assessment that Plaintiff was unable to work, the ALJ correctly states that the physician is not qualified to assess what kinds of low pressure jobs exist in the workplace.  A doctor's opinion as to a medical condition clearly is different from an opinion as to an individual's actual functional performance in a job setting. *Katz v. Secretary of Health & Human Services,* 972 F.2d 290, 293 (9th Cir. 1992).

**C.     The ALJ's Response to the Court's Remand**

At the first appeal,  the Court found four issues with the ALJ's decision to warrant remand. First, the ALJ erroneously concluded that none of Plaintiff's  physicians opined that she was unable to work. Second, the ALJ's reasons for rejecting Dr. Barrios' opinions were neither clear and convincing nor supported by substantial evidence. Third, without explanation, the ALJ concluded that Plaintiff's ability to attend college was "indicative of the possibility that she could have engaged in some sort of work activity on a regular basis."  (Tr. 19.)  Fourth, Defendant's statement that the ALJ relied on subjective complaints from Plaintiff was not included in the ALJ's discussion for the decision. The Court therefore remanded the case to the ALJ to afford an opportunity to address Plaintiff's claims and provide additional reasons to support the rejection of Dr. Barrios' conclusions. The ALJ again ruled against Plaintiff, providing the additional reasoning discussed above. Plaintiff now brings this action in response to the ALJ's decision alleging that Defendant failed to give adequate weight to Dr. Barrios as an examining physician, and that the ALJ inaccurately applied school attendance in the decision to reject Dr. Barrios' treatment notes.

Regarding the ALJ's response to the remand, the Court finds the following. To the first issue, although the ALJ twice erred in his statements that none of the physicians opined that Plaintiff was unable to work, it they were mere misstatements. The ALJ in fact acknowledges

Dr. Barrios' opinion to the contrary in his argument for non-disability. This was harmless error, as suggested by Defendant.[1] As to the second issue, the ALJ's reasons for rejecting Dr. Barrios in the second decision are this time clearly stated and supported by substantial evidence as previously discussed. As to the third issue, the ALJ expanded his reasoning for rejecting Dr. Barrios' testimony in part based on Plaintiff's attendance in school in the second decision. (Tr. 484.) As to the fourth issue, discussed above, the ALJ thoroughly included his reasoning for rejecting Plaintiff's statements as subjective complaints to Dr. Barrios in the second decision. (Tr. 483.)

## CONCLUSION

For the reasons stated herein, the Court concludes that the decision of the ALJ is supported by substantial evidence. Therefore, summary judgement in favor of Defendant is appropriate as a matter of law. *See Celaya v. Halter,* 332 F.3d 1177, 1180 (9th Cir. 2003); *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Kathy Sandlin's Motion for Summary Judgement (Doc. #11) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant Michael Astrue's Cross Motion for Summary Judgement (Doc. #15) is **GRANTED.**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgement accordingly and terminate this matter.

DATED this 4th day of June, 2008.

Stephen M. McNamee
United States District Judge

---

[1] Defendant submits that these were mere misstatements on the part of the ALJ as they are at odds with his direct dispensation of Dr. Barrios' findings, in which the ALJ discusses Dr. Barrios' findings of disability, and how a finding of disability is one reserved for the Commissioner (Tr. 483).